IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

MARY KEMP §
 §
 Plaintiff, §
 §
VS. § NO. 3-09-CV-2020-M-BD
 §
AMADEO SAENZ, JR., P.E., §
ET AL. §
 §
 Defendants. §

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

Defendants State of Texas, Texas Department of Transportation ("TxDOT"), TexasTollways ("TT"), and Texas Turnpike Authority ("TTA"), collectively referred to as the "State Defendants," and Amadeo Saenz, Jr., P.E., Mark Tomlinson, P.E., Deirdre Delisi, Ned S. Holmes, Ted Houghton, William Meadows, and Fred Underwood, collectively referred to as the "Individual Defendants," have filed a Rule 12(b)(1) & (6) motion to dismiss this putative class action challenging the $1.00 invoice fee charged to Texas tollway drivers who elect to pay their tolls using the pay-by-mail, or "Zip-Cash," option. For the reasons stated herein, the motion should be granted.

I.

On or about November 4, 2007, Plaintiff Mary Kemp exited SH 121, a toll road, at the Denton Tap Road Plaza. (*See* Plf. Sec. Am. Comp. at 5, ¶ 20). Signs posted at the toll plaza indicated that the toll was $0.60. (*Id.*). Because plaintiff did not have a toll tag or cash to pay the

toll, she believed $0.60 would be billed to her. (*Id.*).¹ Instead, plaintiff received a bill for $1.60 -- the $0.60 toll plus a $1.00 invoice fee assessed to drivers who pay their tolls by mail. (*Id.* at 5, ¶ 21). According to plaintiff, this $1.00 invoice fee, which was not disclosed to her and is not authorized by Texas law, violates the due process clause of the Fifth Amendment to the United States Constitution and Article I, Sections 17 & 19 of the Texas Constitution. (*See id.* at 5-8, ¶¶ 21-34). By this suit, plaintiff, individually and on behalf of other Texas tollway drivers who were assessed a $1.00 invoice fee, seeks monetary damages, declaratory relief, and an injunction prohibiting the collection of this fee in the future. (*See id.* at 10).

Defendants now move to dismiss plaintiff's class action complaint. As grounds for their motion, the State Defendants contend, *inter alia*, that plaintiff's claims are barred by Eleventh Amendment immunity. The Individual Defendants, all of whom are state employees, argue that they cannot be sued in their official capacities and that plaintiff has failed to plead sufficient facts to overcome their defense of qualified immunity with respect to those claims brought against them in their individual capacities. The motion has been fully briefed by the parties and is ripe for determination.

II.

The Eleventh Amendment to the United States Constitution provides:

> The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

---

¹ Drivers who do not have toll tags or pay cash for tolls are billed by mail under an option known as "Zip Cash." Under this payment option, video cameras record the license plates of vehicles as they pass through the toll booth, and the owners of the vehicles receive invoices for tolls by mail. (*See* Plf. Sec. Am. Compl. at 5, ¶¶ 19-21).

U.S. CONST. amd. XI. Eleventh Amendment immunity deprives a federal court of jurisdiction to hear suits for monetary damages against a State or a State agency or department. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 70-71, 109 S.Ct. 2304, 2311, 105 L.Ed.2d 45 (1989); *Cozzo v. Tangipahoa Parish Council--President Government*, 279 F.3d 273, 280 (5th Cir. 2002). Here, plaintiff sues the State of Texas and three of its agencies or departments -- TxDOT, TT, and TTA. (*See* Plf. Sec. Am. Compl. at 4, ¶¶ 15-18). None of these defendants can be sued for monetary damages in federal court without their permission unless immunity is waived. *See, e.g. Perez v. Region 20 Educ. Service Center*, 307 F.3d 318, 326 (5th Cir. 2002) (absent consent or waiver, suit against a State or its agency is proscribed by Eleventh Amendment); *Coburn v. Texas Dept. of Transp.*, No. 3-96-CV-1759-G, 1997 WL 328009 at *3 (N.D. Tex. Jun. 11, 1997) (TxDOT is a state agency entitled to immunity under Eleventh Amendment); *Dobbins v. Texas Turnpike Authority*, 496 S.W.2d 744, 747 (Tex. Civ. App. -- Texarkana 1973, writ ref'd n.r.e.) (same as to TTA).

In an attempt to avoid the dismissal of her claims against the State Defendants, plaintiff relies on *Ex parte Young*, 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908). *Young* created a limited exception to Eleventh Amendment immunity for suits alleging a violation of federal law that are "brought against individual persons in their official capacities as agents of the state, and the relief sought [is] declaratory or injunctive in nature and prospective in effect." *May v. North Texas State Hosp.*, 351 Fed.Appx. 879, 880, 2009 WL 3489596 *1 (5th Cir. Oct. 29, 2009), *quoting Aguilar v. Texas Dept. of Criminal Justice*, 160 F.3d 1052, 1054 (5th Cir. 1998), *cert. denied*, 120 S.Ct. 130 1999). However, the narrow exception recognized in *Young* applies only to claims against *individual* defendants sued in their official capacities. Eleventh Amendment immunity applies to all suits against the State and its agencies "regardless of the nature of the relief sought." *Pennhurst State*

*School & Hosp. v. Halderman*, 465 U.S. 89, 101, 104 S.Ct. 900, 908, 79 L.Ed.2d 67 (1984). Consequently, plaintiff's claims against the State Defendants should be dismissed for lack of subject matter jurisdiction.

Nor does the *Young* exception apply to plaintiff's claims against the Individual Defendants in their official capacities. The Supreme Court has made clear that *Young* "does not foreclose an Eleventh Amendment challenge where the official action is asserted to be illegal as a matter of state law alone." *Papasan v. Allain*, 478 U.S. 265, 281-82, 106 S.Ct. 2932, 2940, 92 L.Ed.2d 209 (1986), citing *Pennhurst*, 104 S.Ct. at 911. "In such a case, federal supremacy is not implicated because the state official is acting contrary to state law only." *Id.*; *see also In re Tejas Testing Technology One*, 149 F.3d 1177 (Table), 1998 WL 414018 at *3 (5th Cir. Jun. 26, 1998). The only claims asserted by plaintiff against the Individual Defendants in their official capacities arise under the Texas Constitution and Texas law. (*See* Plf. Sec. Am. Compl. at 7-8, ¶¶ 30-33, 34-35).[2] Plaintiff's federal due process claim is brought against the State Defendants and the Individual Defendants in their individual capacities. (*See id.* at 6-7, ¶¶ 26-29). In view of these allegations, the Individual Defendants cannot be sued in their official capacities.

III.

The Individual Defendants move for dismissal under Rule 12(b)(6) of the federal constitutional claims brought against them in their individual capacities. As grounds for their motion, the Individual Defendants argue that plaintiff has failed to plead sufficient facts to overcome their defense of qualified immunity.

---

[2] In addition to alleging that the $1.00 invoice fee violates Article I, Sections 17 & 19 of the Texas Constitution, (*see* Plf. Sec. Am. Compl. at 7-8, ¶¶ 30-35), plaintiff alleges that the fee is not authorized by the Texas Administrative Code and the Texas Transportation Code. (*See id.* at 5-6, ¶¶ 23-25).

A.

"Qualified immunity protects government officials 'from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Winston v. City of Shreveport*, No. 10-30012, 2010 WL 3190709 at *3 (5th Cir. Aug. 12, 2010), *quoting Pearson v. Callahan*, ___U.S. ___, 129 S.Ct. 808, 815, 172 L.Ed.2d 565 (2009); *see also Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396 (1982). The Supreme Court has established a two-step analysis to determine whether a government official is entitled to qualified immunity. First, the court must decide "whether plaintiff's allegations, if true, establish a constitutional violation." *Hope v. Pelzer*, 536 U.S. 730, 736, 122 S.Ct. 2508, 2513, 153 L.Ed.2d 666 (2002); *see also Kinney v. Weaver*, 367 F.3d 337, 356 (5th Cir.), *cert. denied*, 125 S.Ct. 102 (2004). Second, the court must ask "whether the right at issue was 'clearly established' at the time of defendant's alleged misconduct." *Pearson*, 129 S.Ct. at 816, *citing Saucier v. Katz*, 533 U.S. 194, 201, 121 S.Ct. 2151, 2156, 150 L.Ed.2d 272 (2001). A court has discretion to decide which of the two prongs of the qualified immunity analysis should be addressed first "in light of the circumstances in the particular case at hand." *Id.* at 818.

Where, as here, a defendant raises the defense of qualified immunity, the complaint is subject to a heightened pleading requirement. *See Reyes v. Sarzan*, 168 F.3d 158, 161 (5th Cir. 1999), *citing Schultea v. Wood*, 47 F.3d 1427, 1434 (5th Cir. 1995). "Heightened pleading requires allegations of fact focusing specifically on the conduct of the individual who caused the plaintiff's injury." *Id.* Conclusory allegations and assertions will not suffice. *See Baker v. Putnal*, 75 F.3d 190, 195 (5th Cir. 1996).

B.

In her second amended complaint, plaintiff fails to allege any facts "focusing specifically on the conduct of the individual who caused [her] injury." Instead, plaintiff generally alleges that all the Individual Defendants violated her Fifth Amendment right to due process. The sum total of plaintiff's allegations against this group of defendants -- who consist of the Executive Director of TxDOT, the Director of the TTA ,and five members of the Texas Transportation Commission -- are:

> Because there was not statutory authority allowing for the imposition of the $1.00 invoice fee for motorists that pay for use of the tollway through the video toll, Defendants violated Plaintiffs, and other members of the class', 5th Amendment rights by taking their property without due process of law.
>
> Plaintiff and the other members of the class were injured as a result of incurring the invoice fee without the required due process of law.

(Plf. Sec. Am. Compl. at 7, ¶¶ 28-29). Significantly, plaintiff's complaint does not request declaratory or injunctive relief against the Individual Defendants for the claims brought against them in their individual capacities. (*Compare id.* at 6-7, ¶¶ 26-29, *with id.* at 7-8, ¶¶ 34-35). Nor does plaintiff argue in her response to the motion that dismissal on qualified immunity grounds is not proper because she seeks equitable relief. Instead, the only relief sought from the Individual Defendants in their individual capacities is for monetary damages to compensate plaintiff and the other class members for injuries resulting from having to pay the invoice fee. (*See id.* at 2, ¶ 2 & 7, ¶ 29). Without any factual allegations showing how each Individual Defendant violated a clearly established constitutional right or acted in an objectively unreasonable manner, plaintiff cannot overcome the defense of qualified immunity.

C.

Ordinarily, the court would give plaintiff an opportunity to amend her complaint or file a Rule 7(a) reply in an attempt to plead facts sufficient to overcome the defense of qualified immunity. *See, e.g. Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002), *citing Schultea*, 47 F.3d at 1433-34 (noting that district courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case); *Todd v. Hawk*, 72 F.3d 443, 446 (5th Cir. 1995) (Rule 7(a) reply is the "preferred procedure" prior to consideration of motion to dismiss on grounds of qualified immunity). However, plaintiff has already amended her complaint twice. (*See* Docs. #3, 28). Her most recent complaint was filed after defendants filed a nearly identical motion to dismiss. (*See* Doc. #25). In her response to the instant Rule 12(b)(6) motion, plaintiff insists that her second amended complaint satisfies the "heightened pleading" requirement and tacitly concedes that she cannot allege any more facts without conducting limited discovery "to determine the role of each individual Defendant in promulgating and enforcing the $1 invoice fee" (*see* Plf. Resp. Br. at 12) -- discovery to which plaintiff is not entitled, at least not at the pleading stage. Because plaintiff has stated her best case after "three bites at the apple," any further attempts to cure these pleading deficiencies, either through amendment or a Rule 7(a) reply, would be futile and cause unnecessary delay. *See Jacquez v. Procunier*, 801 F.2d 789, 792 (5th Cir. 1986) ("At some point a court must decide that a plaintiff has had fair opportunity to make his case; if, after that time, a cause of action has not been established, the court should finally dismiss the suit.").

## RECOMMENDATION

Defendants' Rule 12(b)(1) & (6) motion to dismiss [Doc. #30] should be granted. Plaintiff's claims against the State Defendants and the Individual Defendants in their official capacities are

barred by Eleventh Amendment immunity and should be dismissed without prejudice for lack of subject matter jurisdiction. Plaintiff's claims against the Individual Defendants in their individual capacities are barred by qualified immunity and should be dismissed with prejudice for failure to state a claim.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: September 14, 2010.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE